PS1-063                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3767
_____

DAVID B. CASSELL,
                                        Appellant

v.

THE SOCIAL SECURITY ADM., RELOCATED TO 40TH/MARKET,
15 MARKET STREET
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:16-cv-04851)
District Judge:  Honorable Mark A. Kearney
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 9, 2017

Before:  AMBRO, KRAUSE and NYGAARD, Circuit Judges

(Opinion filed: February 13, 2017 )
_____

OPINION*
_____

PER CURIAM

        Appellant David Cassell appeals from an order of the District Court dismissing his

complaint.  For the following reasons, we will affirm.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

On September 9, 2016, Cassell sought to file a complaint in forma pauperis, alleging injuries incurred from the denial of Social Security benefits and seeking $30 million in damages. Cassell alleged that the Social Security Administration ("SSA") misdiagnosed him as mentally retarded, subsequently discontinued his benefits, violated his human rights, and tortured him. The District Court granted Cassell in forma pauperis status but dismissed the complaint pursuant to 28 U.S.C. § 1915(e). It concluded that his claims were barred by sovereign immunity. Cassell now appeals.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

We agree with the District Court that the United States enjoys sovereign immunity and may not be sued without its consent. See United States v. Mitchell, 463 U.S. 206, 212 (1983). To the extent that Cassell sought to bring an action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), such an action cannot be maintained against a federal agency. See F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994). Additionally, the District Court correctly determined that, to the extent the complaint sought damages under the Federal Tort Claims Act ("FTCA") for injuries sustained as a result of the SSA's decision, the agency was not subject to suit under the FTCA. See 42 U.S.C. § 405(h) (providing that 42 U.S.C. § 405(g) is the only remedy for

---

[1] Cassell also filed a motion to compel Appellee, who is not participating in the appeal, to respond.

2

a party seeking review of a decision under the Medicare Act denying a monetary benefit); see also Shalala v. Ill. Council on Long Term Health Care, Inc., 529 U.S. 1, 10 (2000).

The District Court also reasonably concluded that Cassell did not seek judicial review under 42 U.S.C. § 405(g). The District Court instead construed Cassell's complaint as seeking damages under the FTCA for injuries sustained as a result of the SSA's misdiagnosis. Although pro se complaints like Cassell's must be liberally construed, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), there was no language in Cassell's complaint suggesting any recent denial of benefits. To the contrary, Cassell complained of injuries resulting from the SSA's initial misdiagnosis of him as intellectually disabled and its subsequent discontinuation of benefits—events that we know (from Cassell's prior litigation and pleadings, see Complaint, Cassell v. City of Phila., No. 08-5460 (E.D. Pa. Nov. 26, 2008), ECF No. 3) occurred prior to 2009. Cassell's new complaint did not cite Section 405, refer to any agency action beyond the long-ago misdiagnosis and discontinuation of benefits, or even imply that the SSA had taken any new action—let alone issued a reviewable decision within the 60 days prior to the filing of his complaint in September 2016. See 42 U.S.C. § 405(g) (providing the time limit for seeking judicial review of SSA decisions). Moreover, in his appellate brief, Cassell neither argues that the District Court erred in its construction of his complaint, or hints at any error in some new denial of benefits. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal."). Instead,

3

Cassell's appellate brief suggests only continued dissatisfaction with the outcome of his prior litigation. He may not re-litigate his prior complaint, however. See Duhaney v. Attorney Gen. of U.S., 621 F.3d 340, 347 (3d Cir. 2010) ("Res judicata … bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit.").

For the foregoing reasons, we will affirm the judgment of the District Court. Cassell's motion to compel Appellee to respond is denied.